**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4391**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JENNY C. HOOD,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior District Judge.  (6:11-cr-02121-GRA-1)

Submitted:  October 2, 2012          Decided:  October 30, 2012

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jenny Hood pled guilty without a plea agreement to wire fraud, in violation of 18 U.S.C.A. § 1343 (West Supp. 2012), and was sentenced to twenty-one months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court committed procedural error by failing to adequately explain the sentence imposed. Hood was advised of her right to file a pro se supplemental brief, but she did not do so. The Government has declined to file a brief. We affirm.

We review Hood's sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). A sentence is procedurally reasonable if, among other things, the court sufficiently explains its reasons for imposing it. Id. at 49-51. While every sentence requires an adequate explanation, when the district court imposes a sentence within the Guidelines range, "the explanation need not be elaborate or lengthy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010). Because Hood argued in the district court for leniency based on her lack of criminal history, her remorse, and her desire to pay back the money she embezzled and move on with her life, we

2

review Hood's sentence for abuse of discretion. United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010).

Our review of the record leads us to conclude that the district court provided an adequate explanation of Hood's sentence and therefore did not commit procedural error by imposing its chosen sentence. The court considered the particularized facts of Hood's case and determined that the significant amount of money Hood embezzled warranted the sentence imposed, including a provision for restitution and a special condition of supervised release that Hood attend an employment program. Furthermore, the court considered arguments from counsel, Hood's plea for leniency, testimony from Hood's employer, and the 18 U.S.C. § 3553(a) (2006) factors. Because Hood's sentence was within the Guidelines, the district court's explanation was more than sufficient. See Hernandez, 603 F.3d at 271.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hood, in writing, of the right to petition the Supreme Court of the United States for further review. If Hood requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

3

representation.  Counsel's motion must state that a copy thereof was served on Hood.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED